IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                              CRIMINAL NO. 2:93-00196

TERRYONTO MCGRIER

<u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court is defendant's motion, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction in his sentence based on a subsequent reduction in the applicable sentencing guideline. (Doc. No. 395).  On April 30, 2014, the United States Sentencing Commission submitted to Congress an amendment to the federal sentencing guidelines that reduces the guidelines applicable to drug trafficking offenses.  Specifically, Amendment 782 reduces by two the offense levels assigned in the Drug Quantity Table, resulting in lower guideline ranges for most drug trafficking offenses.  Amendment 782, sometimes called "drugs minus two" or the "2014 drug guidelines amendment," took effect on November 1, 2014.  On July 18, 2014, the Sentencing Commission voted to give retroactive effect to Amendment 782.  Amendment 782 is however subject to the following limitation: "The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."  U.S.S.G. § 1B1.10(e)(1).  Counsel was appointed to

represent defendant and the parties were directed to file memoranda in support of their positions.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, addendum to the PSI received from the Probation Office, and any materials submitted by the parties on this issue.[1]  The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

The United States acknowledges that defendant is eligible for a sentence reduction but opposes any reduction in his sentence.

At defendant's sentencing,[2] his original guidelines calculations were a base offense level of 36, with a two-level upward adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, and a further two-level upward adjustment for reckless endangerment during flight, pursuant to U.S.S.G. § 3C1.2, resulting in a total offense level of 40.  With a criminal history category of III, defendant's guideline range was a period

---

[1] Defendant filed a motion to extend the deadline for filing his memorandum in support of his motions.  (Doc. No. 399).  That motion is **GRANTED** and his response is deemed to have been timely filed.

[2] The sentencing judge in this matter was the Honorable Charles H. Haden, II.  The matter was reassigned to the undersigned as a result of Judge Haden's death.

of incarceration of 360 months to life.  Defendant was sentenced to life.

The 2007 amendments resulted in a two-level downward adjustment to defendant's base offense level, resulting in a new total offense level of 38.  A offense level of 38 and a criminal history category of III yielded an imprisonment range of 292 to 365 months.

The 2011 amendments resulted in a further two-level decrease in defendant's base offense level.  Therefore, his guideline range became 235 to 293 months, based upon a total offense level of 36 and a criminal history category of III.

By Order entered on July 2, 2013, the court denied defendant's motions for a sentence reduction based on the 2007 and 2011 amendments.

Amendment 782 has resulted in a further two-level decrease in defendant's base offense level.  Therefore, his guideline range is now 188 to 235 months, based upon a total offense level of 34 and a criminal history category of III.

On April 12, 1994, a federal grand jury returned an indictment charging defendant in two counts of a four-count superseding indictment.  Count One charged defendant with conspiracy to distribute cocaine base and heroin, in violation of 21 U.S.C. § 846.  Count Four charged him with the carrying and use of a firearm during and in relation to the commission of a

drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). In December of 1994, a jury found defendant guilty on both counts.[3]

As noted above, at his original sentencing, defendant's guideline range was calculated to be 360 months to life and he was sentenced to life imprisonment.[4]  As to his reasons for imposing a sentence of life, Judge Haden stated that "[o]nly a sentence of life imprisonment could adequately reflect the seriousness of Defendant's conduct.  Society also needs to be protected from this violent offender."  Judge Haden further recommended that defendant "be placed in an institution with the highest level of security."

As part of the offense conduct in this case, on November 21, 1990, law enforcement approached a vehicle driven by McGrier's co-defendant, Jerome Thomas.  A passenger in the vehicle, McGrier exited the vehicle and began firing from a .380 caliber semi-automatic handgun at law enforcement personnel and an informant.  After an exchange of gunfire, McGrier and Thomas fled from the scene and a high-speed police chase ensued.

---

[3] Counts One and Four of the superseding indictment correspond to Counts One and Two of the redacted superseding indictment.  The Judgment in a Criminal Case indicates that defendant was found guilty on Counts One and Two of the superseding indictment.

[4] Defendant was sentenced to life imprisonment on Count One and five years on Count Two to run consecutive to the sentence imposed on Count One.

Maintaining speeds in excess of 80 miles per hour during the chase, the car driven by Thomas veered off the road and struck a 19-year-old bicyclist, David Sergent.  Thomas and McGrier continued to flee from police, even after hitting Sergent. Eventually defendant was apprehended when the car in which he was riding crashed during the chase.  McGrier fled from the car crash but was arrested later that evening.  Sergent died that same day as a result of his injuries from the hit and run.

At sentencing, defendant received a two-level increase for obstruction of justice, in part, because he threatened several witnesses who testified against him.  According to one witness, McGrier told her that he was going to "cut her head off."

Defendant has had numerous disciplinary problems while incarcerated.  They include:

| | |
|---|---|
| June 13, 1996 | Disruptive Conduct |
| September 10, 1996 | Use of phone/mail without authorization |
| October 5, 1995 | Use of phone/mail without authorization |
| April 22, 1997 | Use of phone/mail without authorization |
| April 17, 1997 | Possessing drugs or drug items |

| | |
|---|---|
| July 13, 1997 | Refusing to obey an order and insolent to staff member |
| March 13, 1998 | Fighting with another person |
| June 27, 1998 | Refusing to obey an order and failing to stand count |
| September 14, 1998 | Insolent to a staff member |
| March 20, 1999 | Fighting with another person |
| March 20, 1999 | Assault with serious injury |
| September 15, 1999 | Possessing drugs/alcohol |
| October 17, 1999 | Insolent to staff member |
| February 17, 2000 | Assault with serious injury |
| June 26, 2000 | Insolent to staff member |
| September 1, 2000 | Insolent to staff member |
| January 4, 2001 | Possessing a dangerous weapon and possessing unauthorized item (stamps) |
| February 15, 2001 | Refusing to obey an order and insolent to staff member |
| July 23, 2001 | Fighting with another person |
| January 26, 2002 | Insolent to staff member |
| February 27, 2002 | Indecent exposure |
| January 10, 2003 | Disruptive conduct-inappropriate comments to staff |

| | |
|---|---|
| December 20, 2002 | Possessing drugs/alcohol |
| November 16, 2002 | Assault with serious injury |
| May 5, 2003 | Insolent to a staff member |
| July 14, 2003 | Possessing drugs/alcohol |
| September 10, 2003 | Indecent exposure |
| September 26, 2003 | Fighting with another person |
| October 13, 2005 | Use of drugs/alcohol |
| May 20, 2008 | Fighting with another person |
| February 4, 2009 | Assault without serious injury |
| April 13, 2011 | Threatening bodily harm, possessing a hazardous tool, possessing drugs/alcohol, and refusing to take a drug/alcohol test |

To his credit, as of the filing of the latest addendum from the Probation Office, defendant has not received any further disciplinary infractions since 2011.  Furthermore, in the time since the earlier motions for a sentence reduction were denied, defendant has has completed a number of educational programs offered by the BOP as well as the drug education program. Finally, a supplemental memorandum filed by defendant earlier this year indicates that he passed his GED.

Despite his relatively young age at the time of the offenses of conviction, defendant already had an extensive

criminal history.  Rather than go into details, see Paragraph 43 of the PSI, it is fair to say the PSI lays out a conviction and arrest record that can safely be described as violent and demonstrating a reckless disregard for the safety of others.

Under 18 U.S.C. § 3582(c)(2), a defendant "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," may have his term of imprisonment reduced if "after considering the factors set forth in section 3553(a) to the extent that they are applicable, [ ] such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Whether to reduce a sentence and the extent of any such reduction is a matter of the district court's discretion.  See United States v. Smalls, No. 12-6201, 2013 WL 3037658, *1 (4th Cir. June 19, 2013) (citing United States v. Legree, 205 F.3d 724, 727 (4th Cir. 2000)).

In considering whether to reduce a sentence under § 3582, a district court is required to consider the relevant factors listed in 18 U.S.C. § 3553(a), which include:

> (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)    the need for the sentence imposed-
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)     the kinds of sentence and the sentencing range established for-

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii)  that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5)     any pertinent policy statement-

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).  According to Application Note 1(B) of the guidelines, a court should also consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment. . . ."  U.S.S.G. § 1B1.10 n. 1(B)(ii).  The guidelines also allow the court to "consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction. . . . "  U.S.S.G. § 1B1.10 n. 1(B)(iii).

Whether to reduce a sentence is within the discretion of the district court.  United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010).  "The court is not required to reduce a

defendant's sentence, even where the current sentence is above the amended guidelines range."   Id.

In its earlier order denying the motions for a sentence reduction, the court expressed its belief that the appropriate sentence in this case remained life imprisonment.  However, given the change in the legal landscape since defendant's original sentencing and his efforts since 2011 as laid out in defendant's memorandum (ECF No. 400), the court is persuaded by defendant's arguments regarding his suitability for a reduction in sentence.

Therefore, consistent with 18 U.S.C. § 3582(c)(2), the court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentencing conduct and public safety, and has determined that although the motion for a sentence reduction should be granted, a reduction within the amended guideline range is inappropriate.  Based on the foregoing considerations, the court **GRANTS** defendant's motion under Amendment 782.  It is further **ORDERED** that defendant's previous sentence be reduced to 293 months on Count One.  The sentence of 60 months on Count Two remains unchanged and shall continue to run consecutive to the sentence imposed on Count One, resulting in a new total term of imprisonment of **353 months**.[5]  This Order

---

[5] As noted above, whether to reduce a sentence and the extent of any such reduction is a matter of the district court's discretion.  See United States v. Smalls, No. 12-6201, 2013 WL 3037658, *1 (4th Cir. June 19, 2013); see also United States v. Meridyth, 573 F. App'x 791, 792 (10th Cir. Aug. 11, 2014)

is further subject to the prohibitions contained within U.S.S.G. § 1B1.10(b)(2)(c) and U.S.S.G. § 1B1.10(e)(1).  Finally, all other aspects of the previously imposed Judgment Order remain in full force and effect.

Public safety considerations, as well as the nature and circumstances of the offense of conviction, weigh against a reduction within the amended guideline range.  As described in the PSI and as the court discussed in its earlier order denying defendant's motions for a sentence reduction, defendant has a significant criminal history, one that is marked by violence. Likewise, as noted in that earlier order, defendant's post-sentencing conduct weighs against a sentence reduction within the amended guideline range.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Judgment Order to defendant, the Federal Public Defender, counsel of record, the United States Marshal for the Southern District of West Virginia, and to the United States

---

(affirming court's reduction of sentence under § 3582 even though reduced sentence was above amended guideline range); United States v. Johnson, 478 F. App'x 895, 898 (5th Cir. June 26, 2012) ("To the extent that Johnson attacks the decision to sentence him outside the amended guideline range, he still cannot succeed. Because the court was under no obligation to reduce the sentence, it was under no obligation to reduce it more than it had done so. Moreover, though U.S.S.G. § 1B1.10(b)(2) imposes certain specific limitations on the court's ability to reduce a sentence, nothing suggests that a court, upon determining that a reduction is warranted, may not impose a sentence above the new guideline range.") (internal citations omitted).

Probation Office for forwarding to the Sentencing Commission and Bureau of Prisons.

**IT IS SO ORDERED** this 11th day of July, 2016.

ENTER:

David A. Faber
Senior United States District Judge

13