IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:93-00196

TERRYONTO MCGRIER

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion to modify fine or waive his fine. (ECF No. 304). In his motion, defendant asks the court "to lower the fine and make it a non interest fine, whereas by drawing interest I'll never pay it off. Finally, I'm asking you to waive the fine." Defendant also asks the court to waive the separation between he and his co-defendant. For the reasons discussed below, that motion is **DENIED**.

"The authority of a district court to modify a previously-imposed sentence is limited by statute." United States v. Stiff, 407 F. App'x 896, 898 (6th Cir. 2011). 18 U.S.C. § 3573 permits a court, <u>upon motion of the government</u>, to remit all or part of an unpaid fine. The statute does not, however, permit a court to remit a fine upon motion of the defendant. See United States v. Benally, 2009 WL 1286014, *1 (D. Ariz. 2009); Manjarres v. United States, 2008 WL 842415 (D.R.I. 2008); United States v. Jupiter, 2001 WL 34790221, *1 (W.D. Va. 2001). There is no other applicable source of authority to waive or reduce the fine itself. See United States v. Brumfield, 125 F. Supp.3d 648, 650-

51 (W.D. Mich. 2015). As such, the motion to remit must be denied.

With respect to defendant's request that the court waive interest on his fine, the motion is likewise denied. 18 U.S.C. § 3612(f)(3) provides in relevant part:

> If the court determines that the defendant does not have the ability to pay interest under this subsection, the court may– (A) waive the requirement for interest; (B) limit the total of interest payable to a specific dollar amount; or (C) limit the length of the period during which interest accrues.

Defendant has not submitted any materials in support of his motion (such as the balance in his inmate account, specific information about his prison earnings, etc.). Accordingly, on the record before it, the court cannot find that defendant does not have the ability to pay interest on his fine.[1] Finally, the court denies defendant's request to waive the separation between he and his co-defendant Jerome Thomas.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of defendant, the government, and the Probation Office of this court.

IT IS SO ORDERED this 8th day of December, 2017.

ENTER:  *David A. Faber*
David A. Faber
Senior United States District Judge

---

[1] It appears the court is required to address defendant's postjudgment request to waive interest on the fine. See United States v. Coleman, No. 08-4280, 319 F. App'x 228, 230-31 (4th Cir. Mar. 23, 2009).