IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                                         CRIMINAL NO. 2:93-00196

**TERRYONTO MCGRIER**

<u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court are defendant's motions seeking early termination of his five-year term of supervised release. See ECF Nos. 434 and 442. Also pending are defendant's alternative request that his term of supervised release be reduced to three years under the First Step Act. For the following reasons, defendant's motions are **DENIED**.

I.  *Conviction and Sentence*

On April 12, 1994, a federal grand jury returned an indictment charging defendant in two counts of a four-count superseding indictment. Count One charged defendant with conspiracy to distribute cocaine base and heroin, in violation of 21 U.S.C. § 846. Count Four charged him with the carrying and use of a firearm during and in relation to the commission of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). In December of 1994, a jury found defendant guilty on both counts.[1]

---

[1] Counts One and Four of the superseding indictment correspond to Counts One and Two of the redacted superseding indictment. The Judgment in a Criminal Case indicates that

At defendant's sentencing,[2] his original guidelines calculations were a base offense level of 36, with a two-level upward adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, and a further two-level upward adjustment for reckless endangerment during flight, pursuant to U.S.S.G. § 3C1.2, resulting in a total offense level of 40. With a criminal history category of III, defendant's guideline range was a period of incarceration of 360 months to life.

Defendant was sentenced to life.[3] As to his reasons for imposing a sentence of life, Judge Haden stated that "[o]nly a sentence of life imprisonment could adequately reflect the seriousness of Defendant's conduct. Society also needs to be protected from this violent offender." Judge Haden further recommended that defendant "be placed in an institution with the highest level of security." Defendant was also sentenced to a term of supervised release of five years on Count One and three years on Count Two, sentences to run concurrently.

---

defendant was found guilty on Counts One and Two of the superseding indictment.

[2] The sentencing judge in this matter was the Honorable Charles H. Haden, II. The matter was reassigned to the undersigned as a result of Judge Haden's death.

[3] Defendant was sentenced to life imprisonment on Count One and five years on Count Two to run consecutive to the sentence imposed on Count One.

As part of the offense conduct in this case, on November 21, 1990, law enforcement approached a vehicle driven by McGrier's co-defendant, Jerome Thomas. A passenger in the vehicle, McGrier exited the vehicle and began firing from a .380 caliber semi-automatic handgun at law enforcement personnel and an informant. After an exchange of gunfire, McGrier and Thomas fled from the scene and a high-speed police chase ensued. Maintaining speeds in excess of 80 miles per hour during the chase, the car driven by Thomas veered off the road and struck a 19-year-old bicyclist, David Sergent. Thomas and McGrier continued to flee from police, even after hitting Sergent. Eventually defendant was apprehended when the car in which he was riding crashed during the chase. McGrier fled from the car crash but was arrested later that evening. Sergent died that same day as a result of his injuries from the hit and run.

At sentencing, defendant received a two-level increase for obstruction of justice, in part, because he threatened several witnesses who testified against him. According to one witness, McGrier told her that he was going to "cut her head off."

II.  *3582 Motions*

While serving his sentence, defendant filed a number of motions, pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence based upon subsequent reductions in the applicable

sentencing guideline. On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Sentencing Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008.

Thereafter, on November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were again amended resulting in further reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments.

By Order entered on July 2, 2013, the court denied defendant's motions for a sentence reduction based on the 2007 and 2011 amendments.

On April 30, 2014, the United States Sentencing Commission submitted to Congress an amendment to the federal sentencing guidelines that reduces the guidelines applicable to drug trafficking offenses. Specifically, Amendment 782 reduced by two the offense levels assigned in the Drug Quantity Table, resulting in lower guideline ranges for most drug trafficking

offenses. Amendment 782, sometimes called "drugs minus two" or the "2014 drug guidelines amendment," took effect on November 1, 2014. On July 18, 2014, the Sentencing Commission voted to give retroactive effect to Amendment 782. Amendment 782 is however subject to the following limitation: "The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1).

Over the government's objection, the court granted defendant's motion for a sentence reduction pursuant to Amendment 782. Defendant's previous sentence was reduced to 293 months on Count One and the sentence of 60 months on Count Two continued to run consecutive to the sentence imposed on Count One, resulting in a new total term of imprisonment of 353 months.[4]

---

[4] Whether to reduce a sentence and the extent of any such reduction is a matter of the district court's discretion. See United States v. Smalls, No. 12-6201, 2013 WL 3037658, *1 (4th Cir. June 19, 2013); see also United States v. Meridyth, 573 F. App'x 791, 792 (10th Cir. Aug. 11, 2014) (affirming court's reduction of sentence under § 3582 even though reduced sentence was above amended guideline range); United States v. Johnson, 478 F. App'x 895, 898 (5th Cir. June 26, 2012) ("To the extent that Johnson attacks the decision to sentence him outside the amended guideline range, he still cannot succeed. Because the court was under no obligation to reduce the sentence, it was under no obligation to reduce it more than it had done so. Moreover, though U.S.S.G. § 1B1.10(b)(2) imposes certain specific limitations on the court's ability to reduce a sentence, nothing suggests that a court, upon determining that a reduction is warranted, may not impose a sentence above the new guideline range.") (internal citations omitted).

III.  *The First Step Act*

On December 21, 2018, the First Step Act was signed into law.  See Pub. L. No. 115-391, 132 Stat. 5194 (2018).  The First Step Act applies the relief provided in the Fair Sentencing Act of 2010, which reduced the disparity in the treatment of crack and powder cocaine offenses, retroactively to eligible defendants.  Under the First Step Act, "a court that imposed a sentence for a covered offense" may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."  Id. at § 404(b).

To be eligible for a reduced sentence under the First Step Act, a defendant's sentence must not have been previously imposed or reduced in accordance with Sections 2 and 3 of the Fair Sentencing Act.  Id. at § 404(c).  In addition, a sentence may not be reduced if the defendant has made a previous motion for a reduction under the First Step Act that was denied on the merits.  Id.  Furthermore, a court is not required to reduce a sentence under the First Step Act.  Id.

On March 26, 2019, defendant filed a motion asking that counsel be appointed to assist him in seeking a reduced sentence under the First Step Act.  The court granted defendant's motion and, on May 2, 2019, the Office of the Federal Public Defender filed a memorandum on defendant's behalf arguing that he was

6

eligible for a sentence reduction under the First Step Act. <u>See</u> ECF No. 426. That memorandum asked for a sentence of time served.

While this motion was pending, defendant was released from custody on July 19, 2019, and he began serving his five-year term of supervised release. The court directed the government to file a memorandum concerning defendant's eligibility for relief under the Act. On October 30, 2019, the government filed its memorandum and indicated that court should reduce defendant's term of supervised release from five years to three years. <u>See</u> ECF No. 431.

The United States Court of Appeals for the Fourth Circuit has confirmed that any sentence reduction under the First Step Act should be implemented pursuant to 18 U.S.C. § 3582(c)(1)(B). <u>See</u> <u>United States v. Wirsing</u>, 943 F.3d 175, 185 (4th Cir. 2019). In determining whether a reduction is warranted, a court must consider the sentencing factors under 18 U.S.C. § 3553(a) and, in doing so, may consider post-sentencing conduct. <u>See</u> <u>United States v. Chambers</u>, 956 F.3d 667, 674-75 (4th Cir. 2020).

The First Step Act gives district courts discretion to grant or deny a sentencing reduction. First Step Act of 2018 § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."); <u>see also</u> <u>Wirsing</u>, 943 F.3d at 186 ("District

7

courts then `may,' at their discretion, `impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed.'"); United States v. Venable, 943 F.3d 187, 194 n.10 (4th Cir. 2019) ("The parties do no dispute that the district court would have the discretion to refuse a reduction once it considers Venable's motion on the merits. . . .  Indeed, district courts have frequently exercised their discretion to deny relief, citing any number of policy and case-specific reasons."); United States v. Banks, No. 1:07-00157, 2019 WL 2221620, *1 (S.D.W. Va. May 22, 2019) ("[A] court is not required to reduce a sentence under the First Step Act.") (emphasis in original).  Accordingly, the district court retains discretion to deny an otherwise eligible defendant any relief under the First Step Act.  See, e.g., Venable, 943 F.3d at 194 n.10 (and authorities cited therein); United States v. Lucas, Case No. 5:03-CR-30095, 2019 WL 6719496, *5 (W.D. Va. Dec. 10, 2019) ("[A]lthough it appears that Lucas is eligible for consideration of a sentence modification, the circumstances of this case compel the court to exercise its discretion and deny a reduction in Lucas's original sentence.").

   18 U.S.C. § 3553(a) directs that the following factors be considered in imposing sentence:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for-

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into

>>amendments issued under section 994(p) of title 28);
>
>(5) any pertinent policy statement-
>
>>(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>>
>>(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>
>(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

While the court agrees that defendant is eligible for a sentence reduction under the First Step Act, upon consideration of the § 3553(a) factors, the court declines to award such a reduction. As outlined above, the conduct surrounding the offenses of conviction was violent and reckless. Furthermore, despite his relatively young age at the time of the offenses of conviction, defendant already had an extensive criminal history. Rather than go into details, see Paragraph 43 of the PSI, it is fair to say the PSI lays out a conviction and arrest record that can safely be described as violent and demonstrating a reckless disregard for the safety of others.

In addition, while incarcerated, defendant had numerous disciplinary problems. They include:

| | |
|---|---|
| June 13, 1996 | Disruptive Conduct |
| September 10, 1996 | Use of phone/mail without authorization |
| October 5, 1995 | Use of phone/mail without authorization |
| April 22, 1997 | Use of phone/mail without authorization |
| April 17, 1997 | Possessing drugs or drug items |
| July 13, 1997 | Refusing to obey an order and insolent to staff member |
| March 13, 1998 | Fighting with another person |
| June 27, 1998 | Refusing to obey an order and failing to stand count |
| September 14, 1998 | Insolent to a staff member |
| March 20, 1999 | Fighting with another person |
| March 20, 1999 | Assault with serious injury |
| September 15, 1999 | Possessing drugs/alcohol |
| October 17, 1999 | Insolent to staff member |
| February 17, 2000 | Assault with serious injury |
| June 26, 2000 | Insolent to staff member |
| September 1, 2000 | Insolent to staff member |

| | |
|---|---|
| January 4, 2001 | Possessing a dangerous weapon and possessing unauthorized item (stamps) |
| February 15, 2001 | Refusing to obey an order and insolent to staff member |
| July 23, 2001 | Fighting with another person |
| January 26, 2002 | Insolent to staff member |
| February 27, 2002 | Indecent exposure |
| January 10, 2003 | Disruptive conduct-inappropriate comments to staff |
| December 20, 2002 | Possessing drugs/alcohol |
| November 16, 2002 | Assault with serious injury |
| May 5, 2003 | Insolent to a staff member |
| July 14, 2003 | Possessing drugs/alcohol |
| September 10, 2003 | Indecent exposure |
| September 26, 2003 | Fighting with another person |
| October 13, 2005 | Use of drugs/alcohol |
| May 20, 2008 | Fighting with another person |
| February 4, 2009 | Assault without serious injury |
| April 13, 2011 | Threatening bodily harm, possessing a hazardous tool, possessing drugs/alcohol, and |

|  |  |
|---|---|
|  | refusing to take a drug/alcohol test |
| March 1, 2017 | Being unsanitary or untidy |
| March 3, 2017 | Insolent to staff member |
| April 7, 2018 | Violating visiting regulations |
| June 6, 2019 | Refusal to submit to pat down search |

The need to protect the public from further crimes of the defendant, defendant's history and characteristics, as well as the nature and circumstances of the offenses of conviction, weigh against a reduction in sentence. The period of supervised release imposed is necessary to protect the public from further crimes of the defendant in light of his history and characteristics. As described in the PSI and as the court discussed in its earlier order denying defendant's motions for a sentence reduction, defendant has a significant criminal history, one that is marked by violence. Accordingly, the motion(s) for a reduction in sentence under the First Step Act are **DENIED**.

IV. *18 U.S.C. § 3583(e)(1)*

Section 3583(e)(1) allows district courts to terminate the remainder of a defendant's term of supervised release once the defendant has completed a year, and provides a number of § 3553(a) sentencing factors to be considered in making this determination. The cited § 3553(a) factors require consideration

of the nature and circumstances of the offense and the history and characteristics of the defendant; the need for deterrence, for public protection from further crimes of the defendant, and for correctional treatment for the defendant; the guidelines range; the Sentencing Commission's policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims of the offense.

     At the time defendant filed his motion for early termination, he had served little more than one year of his five-year term of supervised release. The court has considered defendant's background, his performance while on supervised release, and the recommendation of the United States Probation Office. Having done so, the court does not believe that defendant is an appropriate candidate for early termination of supervised release. As the probation office has informed the court, defendant's adjustment to supervision has been poor and he has continued to abuse drugs. For these and other reasons discussed in denying defendant relief under the First Step Act, defendant's request for early release from his term of supervision is **DENIED**.

     The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to defendant, the Federal Public Defender, counsel of record, the United States Marshal for the Southern

District of West Virginia, and to the United States Probation Office.

**IT IS SO ORDERED** this 10th day of September, 2020.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge

15