```
      IN THE UNITED STATES DISTRICT COURT
    FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                CRIMINAL NO. 2:93-00196

**TERRYONTO MCGRIER**

<u>MEMORANDUM OPINION AND ORDER</u>

In Charleston, on September 10, 2020, came the defendant, in person and by counsel, David O. Schles; came the United States by Courtney Cremeans, Assistant United States Attorney; and came Senior United States Probation Officer Douglas W. Smith, for a hearing on the petition to revoke the defendant's term of supervised release.

At that hearing, the court took up the Motion to Withdraw as counsel (ECF No. 448), filed by Mr. Schles.

While the Sixth Amendment affords a criminal defendant the counsel of his choosing, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." <u>United States v. Gonzalez-Lopez</u>, 548 U.S. 140, 151 (2006); <u>see also</u> <u>United States v. Gallop</u>, 838 F.2d 105, 108 (4th Cir. 1988) ("An indigent defendant, moreover, has no right to have a particular lawyer represent him and can demand a different appointed lawyer only with good cause."), <u>abrogated on other grounds as recognized by</u> <u>United States v. Ductan</u>, 800 F.3d 642 (4th Cir. 2015).  The United States Court of Appeals for the Fourth Circuit considers three factors in deciding whether a district court has abused its discretion in ruling on a motion to substitute counsel:  (1) timeliness of the motion; (2) adequacy of

the court's inquiry; and (3) "whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." United States v. Blackledge, 751 F. 3d 188, 194 (4th Cir. 2014) (quoting Gallop, 838 F.2d at 108 (internal citations omitted)). In making its decision, "the court is entitled to take into account the countervailing state interest in proceeding on schedule." Gallop, 838 F.2d at 108. If the appeals court determines that a district court has abused its discretion in denying a motion to withdraw, that ruling is subject to harmless error review. United States v. Horton, 693 F.3d 463, 467 (4th Cir. 2012).

In this case, the court conducted a hearing and heard from both defendant and Mr. Schles without the government present. At the hearing, it was clear that the attorney/client conflict was not so great as to result in a total breakdown in communication between defendant and his attorney. Rather, it appeared to the court that Mr. Schles stood ready and able to represent defendant and that defendant's complaint regarding Mr. Schles's services was not justified. See United States v. Smith, 640 F.3d 580, 588 n.4 (4th Cir. 2011) ("To warrant substitute counsel, a defendant must show justifiable dissatisfaction with appointed counsel. . . . Justifiable dissatisfaction sufficient to merit substitution of counsel includes a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant.") (emphasis added).

For these and other reasons placed on the record at the hearing, the motion to withdraw was **DENIED**.

Counsel for defendant asked for a continuance of the hearing and the court **GRANTED** that request. This matter is **CONTINUED** until October 13, 2020, at 3:30 p.m., in Charleston.

The Clerk is directed to send a copy of this Order to counsel of record and the CJA Supervising Attorney.

IT IS SO ORDERED this 22nd day of September, 2020.

ENTER:

David A. Faber
Senior United States District Judge

3